UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:

MICHAEL J. BETIT

Case No. 10-10477
Chapter 12

**Debtor(s)**

### ORDER CONCERNING CHAPTER 12 FAMILY FARMER OPERATING A BUSINESS

A Petition for Relief under Chapter 12 of Title 11, United States Code, having been filed in the above referenced case on April 6, 2010, and an Order for Relief having been entered therein, and pursuant to subsections 1202(b), 704(a)(7), and 105(a) of Title 11, United States Code, now, therefore,

**IT IS ORDERED THAT:**

1) **MICHAEL J. BETIT**, the Chapter 12 debtor shall close its business books, records, bank accounts, and Federal, State and local business and payroll tax accounts, and their identification numbers, as of the day preceding the filing of the Chapter 12 Petition and the Chapter 12 debtor shall open new books, records, bank accounts, and Federal, State and local business and payroll tax accounts and identification numbers commencing with the date of the filing of the Chapter 12 Petition;

2) all gross receipts of the Chapter 12 debtor's business shall be deposited in Demand Deposit type bank accounts;

3) the Chapter 12 debtor shall make such deposit or investment of money of the Estate as will yield the maximum reasonable net return on such money;

4) depositories shall be FDIC insured and no more than One Hundred Thousand Dollars ($100,000.00) of Estate money shall be deposited in any given depository without Court approval. The Chapter 12 debtor shall ensure that copies of the monthly statements of account from said depositories are filed with the Clerk of the Court when debtor files its monthly report of operation;

5) the Chapter 12 debtor, as set forth in 11 USC '1202(b), shall perform the functions and duties of a trustee under Chapter 12 as required by 11 USC '704(a)(2) and (a)(8);

6) the Chapter 12 debtor, without Court approval, except as set forth in applicable sections of Title 11, United States Code, shall not use, sell, or lease property of the Estate other than in the ordinary course of business; shall not use, sell, or lease cash collateral and shall not obtain secured credit;

7) the Chapter 12 debtor is directed and required to segregate and hold separate and apart from all other funds, all monies deducted and withheld from employees or collected from others for taxes under any law of the United States or appropriate State or local authority during the pendency of this case. Debtor is to make timely and regular payments or deposit with all taxing authorities and agencies all tax obligations arising after the date on which this case was filed. Debtor is to file all tax reports and returns with all taxing authorities and agencies on a timely basis and a statement to the effect must be filed with each monthly report to the Clerk of this Court;

8) commencing with the date of the filing of this case, the Chapter 12 debtor shall prepare and file with the Clerk a report of the operation of the business on a monthly basis. The report shall be verified by the individual preparing the report and shall be filed with the Court no more than fourteen (14) days after the end of the period reported. The report shall contain, at a minimum, the following information:

   a) a combined (if applicable) statement of the sources and uses of cash (cash flow report) prepared under the cash basis method of accounting;

   b) a combined (if applicable) statement of transfers between (among) all liquid asset accounts and copies of all cash account reconciliations;

   c) a statement of accounts receivable, which shall include the amount of each pre-petition and post-petition account receivable, and collections thereon during the current reporting period. Aging schedules of all accounts receivable, pre-petition and post-petition, with debtor evaluation of the collectability of all accounts uncollected for more than sixty (60) days.

   d) A statement of all indebtedness incurred during prior reporting periods and during the pre-petition period which remains unpaid and the due dates when such obligations were incurred and became due;

   e) a statement of all indebtedness incurred and remaining unpaid during the period reported, the dates when such indebtedness was incurred and the reason it is unpaid;

   f) a statement as to all sums withheld or paid by the debtor for social security contributions, Federal withholding taxes, and all State and local taxes, and whether such sums have been paid or deposited along with the copies of the checks to the taxing agencies or of the deposit receipt issued by the Federal depository and all appropriate IRS Forms 6123 "Verification of Fiduciary Federal Tax Deposits;"

- g) a statement of the inventory on hand as of the beginning of the period reported, the purchases and the usage of the inventory items during the period, and the inventory remaining on hand as of the end of the period;
- h) a statement of all secured obligations which are unpaid, listing the amount unpaid, the contract rate of interest, the date of the last payment, collateral, and the number of payments in arrears; and
- i) a current balance sheet, income and corporate expense statement, and owner's equity, partners' equity, or retained earnings for the period;

9) within thirty (30) days of the filing of the Petition herein the Chapter 12 debtor shall file with the Clerk a report and summary, according to the form prescribed in Paragraph 8 herein, of the operation of the business of the debtor and a statement of receipts and disbursements for the ninety (90) day period immediately preceding the filing of the Petition. Photocopies of any receipts and disbursements journal may be substituted for the statement required;

10) the Chapter 12 debtor shall also prepare and file no more than twenty-one (21) days following the end of each quarter a pro forma financial projection for the next quarter and year following. Internal budgets may be substituted for this requirement;

11) the Chapter 12 debtor shall cause to be prepared its annual Income Tax Returns. Copies of the Income Tax Returns shall be filed with the Clerk no more than forty-five (45) days after the end of the fiscal year, and filed with the taxing authorities on a timely basis;

12) no draw/compensation shall be paid to the Chapter 12 debtor/~~partners or corporate officers of the debtor entity~~ from the time of filing of the Petition unless prior Order of the Court shall have been obtained approving the services and fixing the draw/compensation; and

13) this Order is not exclusive as to the obligations and duties of the Chapter 12 debtor and is intended to clarify and supplement the framework for conduct of the Chapter 12 debtor set forth in Chapter 12, and other Chapters of Title 11, United States Code, and the Local Bankruptcy Rules for the District of Vermont.

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect as long as this case is open and pending, and the Chapter 12 debtor shall continue to comply with the reporting requirements of this Order subsequent to the entry of an Order confirming the Chapter 12 Plan and until the Plan is consummated and a Final Decree is entered unless the Order confirming the Plan provides otherwise.

**IT IS FURTHER ORDERED** that the Chapter 12 debtor, pursuant to subsections 1221 and 105(a) of Title 11, United States Code, shall, on or before the 90th day from the date of the Order for Relief in this case, file with the Clerk the Chapter 12 Plan.

**IT IS FURTHER ORDERED** that the reports required by Paragraphs 8 through 11 herein as well as copies of the proposed Chapter 12 Plan shall be served by the Chapter 12 debtor upon the United States, if a party; the U.S. Trustee; and all attorneys of record.

**IT IS FURTHER ORDERED** that, upon the failure of the Chapter 12 debtor to fully comply in a timely manner with any of the terms and provisions of this Order, that a show cause hearing shall be scheduled at the earliest possible date upon written notice to the Chapter 12 debtor and the attorney for the Chapter 12 debtor to inquire into the reasons for non-compliance with this Order and for the imposition of any sanctions which the Court may deem appropriate, including dismissal, with or without prejudice.

**IT IS FURTHER DIRECTED** that if the Chapter 12 debtor has not filed an application with the Court for draw/compensation with its Petition, such application shall be filed forthwith.

**SO ORDERED**.

April__9__, 2010  
Rutland, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge